UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN GALLOW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7172** |
| **RAYMOND LABORDE CORRECTIONAL CENTER, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

Petitioner Justin Gallow filed a petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2254 from his 2007 convictions and sentences for manslaughter and attempted manslaughter obtained against him in Evangeline Parish, Louisiana.[1] ECF No. 1 (Deficient Petition); ECF No. 3 (Amended Petition). Petitioner is currently incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana in Avoyelles Parish. Both Evangeline Parish and Avoyelles Parish are within the Western District of Louisiana. 28 U.S.C. §98(c).

The venue language of 28 U.S.C. § 2241(d) provides as follows for habeas corpus petitions:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

---

[1] The Clerk of Court notified Gallow that he filed his petition on the incorrect form. ECF No. 2. He used the form reserved for motions filed by convicted federal defendants under 28 U.S.C. §2255 rather than the form for convicted state defendants under 28 U.S.C. §2254. The Clerk sent him the proper form with the Notice of Deficiency. ECF No. 2. Despite this, Gallow returned another §2255 form with his pauper application. ECF No. 3 (Amended Petition).

The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

In this case, Gallow was convicted and is currently housed within the Western District of Louisiana. That court has jurisdiction over his § 2254 petition. The language of § 2241(D) permits discretionary transfer from one court with jurisdiction to another court with jurisdiction in furtherance of justice. This court, however, lacks subject matter jurisdiction over Gallow's petition under the plain language of the statute. Gallow is not incarcerated in this district nor was he convicted or sentenced within the Eastern District.

This Court also lacks jurisdiction to consider any claim intentionally brought by Gallow under 28 U.S.C. § 2255 as he does not allege that he was convicted in this Court and is not challenging a conviction obtained in this United States District Court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (only the federal district court where a defendant was convicted and sentenced has jurisdiction over challenge brought under § 2255).

Because this court lacks jurisdiction, it also lacks authority to transfer the petition to the either the Western District of Louisiana, where venue and jurisdiction lie. While there is case law authority to support a transfer, a literal interpretation of the statute suggests otherwise. The express use of the word "jurisdiction" rather than venue in the statute is compelling. In addition, the statute is clear in the second sentence that a permissible transfer is only from one court ***with*** jurisdiction to another ***with*** jurisdiction. These considerations along with the United States Fifth Circuit's clear holding in *Webb* that the statute is jurisdictional, dictate that, because this court lacks subject matter jurisdiction, the Court should not address the case further. *Accord Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which

2

it lacks jurisdiction.)  In addition, it is well settled that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must dismiss the action*."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

For the foregoing reasons, this Court is not a proper venue and lacks jurisdiction over Gallow's § 2254 petition, still deficient in form, and therefore, lacks authority to transfer it to another court.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Gallow's petition for habeas corpus relief under § 2254 be **DISMISSED WITHOUT PREJUDICE** for improper venue and lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 8th day of February, 2024.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.